Jonathan C. Gettleman, SBN 243560
LAW OFFICE OF JONATHAN C. GETTLEMAN
323 River Street, Suite D
Santa Cruz, California 95060
TELEPHONE: 831-427-2658
FACSIMILE:   831-515-5228

Attorney for Plaintiffs

WILLIAM R. TAMAYO, SBN 084965 (CA)
JONATHAN T. PECK, SBN 12303 (VA)
MARCIA L. MITCHELL, SBN 18122 (WA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105
Telephone No. (415) 625-5651
Fax No. (415) 625-5657
Marcia.Mitchell@eeoc.gov

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiffs,<br><br>DEISY MORA<br><br>Plaintiff/Intervenor<br><br>vs.<br><br>WIRELESSCOMM, INC., a California Corporation, LAHOURI ARIBI, an individual, and KARIM HADID, an individual,<br><br>Defendants. | **Case No.: 4:11-CV- 4796**<br><br>**PROPOSED COMPLAINT IN INTERVENTION FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**CIVIL RIGHTS–EMPLOYMENT DISCRIMINATION**<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -
**VERIFIED COMPLAINT**

## INTRODUCTION

1. Plaintiff/Intervenor brings this action against her former employer to enforce Federal and State Laws, which require that employers not discriminate against, or harass employees on the basis of sex, and the Common Law of California that protects against infliction of emotional distress.

2. Defendants, WIRELESSCOMM (hereinafter "Defendant"), its owner LAHOURI ARIBI ("owner"), an individual, and supervisor KARIM HADID ("supervisor"), an individual, have engaged in unlawful employment practices at its California locations in Watsonville and Gilroy. Defendant and its owner and supervisor, subjected Plaintiff/Intevenor, DEISY MORA (hereinafter "Ms. Mora"), to severe and pervasive sexual harassment during MS. MORA's employment with Defendant. WIRELESSCOMM permitted sexual harassment to occur, creating a hostile work environment for MS. MORA. Defendant LAHOURI, WIRELESSCOMM's owner and supervisor, intentionally and negligently caused infliction of emotional distress upon MS. MORA. Defendant KARIM HADID, WIRELESSCOMM's employee and supervisor, intentionally and negligently caused infliction of emotional distress upon MS. MORA.  The sexual harassment caused by all Defendant, created a hostile work environment, which forced MS. MORA to constructively terminate her employment with Defendant WIRELESSCOMM, effectuating her constructive discharge.

3. MS. MORA is entitled to, and seeks, lost wages and benefits, compensatory and punitive damages, costs of suit, declaratory relief, and preliminary and permanent injunctive relief to prevent Defendants from continuing its willful violations of federal and state laws designed to protect employees from sexual harassment, sexual discrimination, and intentional and negligent infliction of emotional distress.

## JURISDICTION AND VENUE

4. Jurisdiction is invoked pursuant to Sections 703(a)(1) and (3) of Title VII of the Civil Rights

Act of 1964, 42 U.S.C §§2000e-2(a)(1), as amended. Jurisdiction of this Court is also invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, 1345, and 1346 and the Court's supplemental jurisdiction over related state law claims.  Injunctive and declaratory relief, damages, and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. §2000e-5(f) and (g), and (G) as amended, and state law.

5.     The employment practices of which Plaintiff/Intervenor complains occurred within the Counties of Santa Clara and Santa Cruz in the State of California, which is within the jurisdiction of the United States District Court for the Northern District of California.  Venue is therefore proper in the United States District Court for the Northern District of California pursuant to 42 U.S.C. §2000e-5(f)(3). Venue is also proper in this District pursuant to 18 U.S.C. §§1965(a) and 1965(b), and 28 U.S.C. §1391(e).

## INTRADISTRICT ASSIGNMENT

6.     This action is appropriate for assignment to the San Jose Division of this Court as the complained of, and alleged, unlawful practices occurred in Gilroy and Watsonville, which are within the jurisdiction of the San Jose Division.

## PARTIES

7.     Plaintiff/Intervener, MS. MORA, at all times relevant herein, was a resident of the State of California, County of Santa Cruz, and was a member of a protected group under Title VII of the Civil Rights Act of 1964, 42 U.S.C.§2000e-5(f)(1) and (3), Title VII of the Civil Rights Act of 1964, 42 U.S.C.§2000e-2(a)(1)-(2) as amended, Section 102 of the Civil Rights Act of 1991, 42 U.S.C §1981(a), and under California Government Code §12940(a) based on her sex (female).

8.     Plaintiff, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (hereinafter "EEOC"), is the agency of the United States of America charged with the administration, interpretation, and

enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

9.     Defendant, WIRELESSCOMM, at all relevant times herein, is a California Corporation doing business in the State of California and the cities of Watsonville and Gilroy. Defendant has continuously employed at least (15) persons and is an employer within the meaning of 42 U.S.C. §2000e(b) and the less stringent standard contained in Cal. Gov. Code §§12926(d) and 12940(j)(4)(A).

10.     MS. MORA alleges that Defendant, LAHOURI ARIBI, was the owner of WIRELESSCOMM, and directed and controlled the working conditions of MS. MORA and other employees.  MS. MORA alleges that Defendants WIRELESSCOMM and LAHOURI ARIBI are responsible in some manner for the occurrences alleged herein and that damages as herein alleged were directly and proximately caused by his conduct.

11.     MS. MORA alleges that Defendant, KARIM HADID, was the supervisor, agent, and/or manager of WIRELESSCOMM. MS. MORA alleges that Defendants WIRELESSCOMM and KARIM HADID are responsible in some manner for the occurrences alleged herein and that damages as herein alleged were directly and proximately caused by his conduct.

12.     MS. MORA alleges that at all times mentioned herein, each of the Defendants was acting as the agent of every other Defendant, and that all acts alleged to have been committed by any Defendants were committed on behalf of every other Defendant; and, at all times mentioned herein, each alleged act was committed by Defendants, and/or owners, supervisors or managers of Defendants, and Defendants directed, authorized, or ratified each such act.  Mr. Mora alleges that Defendants, and each of them, were the agents, owners, employees, supervisors, managers, co-conspirators of the other Defendants, and each of them; and, in doing the things alleged herein, were

acting at least in part within the course and scope of such agency, employment, and conspiracy with the permission and consent of each of the other Defendants.

## EXAUSTION OF REMEDIES

13. Prior to, on or about, March 18, 2008, Plaintiff/Intervenor, MS. MORA, filed charges with the California Department of Fair Employment and Housing (hereinafter "DFEH") alleging sexual discrimination and harassment. On or about, March 25, 2008, these same charges were simultaneously filed with the EEOC. On or about, March 19, 2008 DFEH issued MS. MORA a right-to-sue notice and closed its case on the basis of "processing waived to another agency" and deferred its investigation to the EEOC pursuant to the terms of a work sharing agreement between the two agencies.

14. On or about, February 23, 2010, the EEOC issued a Determination letter finding reasonable cause that MS. MORA was subjected to a hostile work environment and discriminated against based on her sex, that Respondent, WIRELESSCOMM, although aware of the harassment, failed to correct and prevent the harassment.

15. On or about, September 28, 2011 the EEOC concluded its investigation of the case and filed suit in the instant matter.

16. Plaintiff/Intervener, MS. MORA timely exhausted her administrative remedies prior to filing this action. Therefore, MS. MORA has complied with all administrative prerequisites to bring this lawsuit.

## STATEMENT OF CLAIMS

17. On or about April 02, 2007, MS. MORA was interviewed and hired by KARIM HADID to work as a Sales Person for WIRELESSCOMM at their Watsonville store. MS. MORA was 19 years old at the time of hire; each of the individual Defendants were at least 20 years her senior.

Defendant's store manager and/or supervisor, KARIM HADID subjected MS. MORA to severe and/or pervasive harassment from the beginning of her employment, including but not limited to, routinely staring at MS. MORA in a sexually suggestive manor, routinely commenting on her physical appearance and dress, including but not limited to, suggesting what clothes, and in what manor she should wear her hair, in order to please him.  KARIM HADID, rubbed MS. MORA's breasts with his hand on a number of occasions, would send MS. MORA text messages with photos of himself annotated with the words "I love you," and quizzed MS. MORA about her relationship with her boyfriend.  KARIM HADID also made degrading comments concerning MS. MORA's gender, such as greeting MS. MORA and the other female employees with "what's up bitches" and referring to her and the other female employees as "bitches" and "worthless," and that "men ruled the world."  On one occasion while MS. MORA was attending to her work, which required her to be in a kneeling position, KARIM HIDAD came upon her and pulled her hair in a sexually suggestive manner.  KARIM HIDAD also questioned MS. MORA concerning her feelings for him, pressing her why she did not see him as a "boyfriend."  On one occasion KARIM HADID called MS. MORA into the back room and propositioned her for sex asking, "what is your price" and stating that "everyone has a price."

Defendant's owner, LAHOURI ARIBI, also contributed to the hostile environment by engaging in offensive and unwelcome behavior, such as inviting MS. MORA on vacation with him and asking her to send pictures of herself–and other female employees–to him and by questioning and commenting on her use of the restroom.  On one occasion KARIM HADID sent pictures of MS. MORA to the owner LAHOURI ARIBI, from her phone and without her consent. When MS. MORA contacted LAHOURI ARIBI to explain that she did not send the pictures of herself and to complain that KARIM HADID had taken her phone and sent the pictures of herself without her permission,

LAHOURI ARIBI merely requested of her to send him more pictures of herself.  On or about August 20, 2007, MS. MORA was promoted to "manager," but was then demoted three weeks later without explanation.  MS. MORA's work environment became so hostile and abusive that she had no choice but to quit her job in or around mid-October 2007.  Defendant's actions constitute discrimination and harassment against MS. MORA on the basis of her sex.

18. The unlawful employment practices complained of in paragraph 17 above were and are intentional.

19. The effect of the unlawful employment practices complained of in paragraph 17 above have deprived Ms. Mora of equal employment opportunities and have otherwise adversely affected her status as an employee based upon her sex, female.

20. Defendants committed these acts of unlawful employment practices complained of in paragraph 17, maliciously, intentionally, and/or with reckless disregard for MS. MORA's state and federally protected rights.

**FIRST CLAIM FOR RELIEF**
**SEXUAL HARASSMENT,**
**Title VII, 42 U.S.C. §2000e-2(a)**
**Plaintiff/Intervenor Deisy Mora against All Defendants**

21. Plaintiff/Intervenor MS. MORA re-alleges and incorporates by reference each preceding paragraph of the complaint as if fully alleged in this paragraph.

22. Defendant violated Ms. Mora's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a) by subjecting her to unwelcome sexual comments and acts, and by permitting and encouraging a work environment in which she was subjected to harassment based on her sex.

23.  Defendants participated in creating and maintaining a hostile work environment. Defendants failed to investigate, correct and/or prevent the incidents of sexual harassment.  The sexual

harassment was severe and pervasive such that it altered the terms and conditions of MS. MORA's employment.

24.    In addition, Defendants subjected MS. MORA to quid-pro-quo sexual harassment, among other things, by both promoting her and demoting her without reason, and thus effectively conditioned her employment on the requirement that she submit to and reciprocate KARIM HADID and/or LAHOURI ARIBI's sexual advances.

25.    As a direct and proximate result of the aforementioned harassment, MS. MORA sustained damages including loss of earnings and other benefits, emotional distress, anxiety, mental anguish, loss of self-esteem, and loss of consortium with family members, in amounts to be determined at trial.

26.    Defendant's acts of discrimination and harassment against MS. MORA on the basis of sex were, wanton, willful, and intentional with malicious and reckless disregard of her rights and sensibilities.

WHEREFORE, MS. MORA requests relief as hereinafter provided.

**SECOND CLAIM FOR RELIEF**
**HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT,**
**CALIFORNIA CIVIL CODE§12940(j)**
**Plaintiff/Intervenor Deisy Mora against All Defendants**

27.    Plaintiff/Intervenor MS. MORA re-alleges and incorporates by reference each preceding paragraph of the complaint as if fully alleged in this paragraph.

28.    Defendants subjected MS. MORA to unwelcome sexual advances, comments and acts, and degrading and humiliating conduct. Defendant's aforementioned unwelcome sexual comments and acts were so severe and pervasive that they created a continuing hostile work environment in violation of California Government Code §12940(j). Defendants permitted such hostile work environment to continue.

29.     As a direct and proximate result of the aforementioned discrimination and harassment, MS. MORA sustained damages including loss of earnings and other benefits, emotional distress, anxiety, mental anguish, loss of self-esteem, and loss of consortium with family members, in amounts to be determined at trial.

30.     In doing the acts herein alleged, Defendants acted maliciously and oppressively, with the wrongful intent of injuring MS. MORA, and/or acted with an improper and evil motive amounting to malice, in conscious disregard of MS. MORA"S rights.  Because the acts and omissions taken towards MS. MORA by Defendants were despicable, deliberate, intentional and done to injure and damage her, MS. MORA is entitled to recover punitive damages in an amount according to proof.

WHEREFORE, MS. MORA requests relief as hereinafter provided.

**THIRD CLAIM FOR RELIEF
FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT,
CALIFORNIA CIVIL CODE§12940(k)
Plaintiff/Intervenor Deisy Mora against All Defendants**

31.     Plaintiff/Intervenor MS. MORA re-alleges and incorporates by reference each preceding paragraph of the complaint as if fully alleged in this paragraph.

32.     In perpetrating the aforementioned actions and omissions, Defendants engaged in a pattern and practice of failing to prevent discrimination and harassment, in violation of the California Fair Employment and Housing Act, Cal. Gov. Code § 12940(k).

33.     Defendants failed to take all reasonable steps necessary to prevent sex discrimination and sexual harassment from occurring, including, among other things, failing to implement an effective policy against sexual harassment, failing to undertake an effective investigation of the complaints, and lacking an effective means of remedying such harassment, and actually perpetrating the harassment.

34. Defendants knew or should have known of Defendant's failure to take all reasonable steps to prevent sex harassment from occurring.

35. As a direct and proximate result of the aforementioned harassment, MS. MORA sustained damages including loss of earnings and other benefits, emotional distress, anxiety, mental anguish, loss of self-esteem, and loss of consortium with family members, in amounts to be determined at trial.

36. In doing the acts herein alleged, Defendants acted maliciously and oppressively, with the wrongful intent of injuring MS. MORA, and/or acted with an improper and evil motive amounting to malice, in conscious disregard of MS. MORA"S rights.  Because the acts and omissions taken towards MS. MORA by Defendants were despicable, deliberate, intentional and done to injure and damage her, MS. MORA is entitled to recover punitive damages in an amount according to proof.

WHEREFORE, MS. MORA requests relief as hereinafter provided.

### FOURTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Plaintiff/Intervenor Deisy Mora against All Defendants

37. Plaintiff/Intervenor MS. MORA re-alleges and incorporates by reference each preceding paragraph of the complaint as if fully alleged in this paragraph.

38. Defendants LAHOURI ARIBI and KARIM HADIB, systematically degraded, insulted, humiliated, embarrassed, harassed, built-up and tore-down, MS. MORA with the intention of eroding her emotional well-being, and thus her defenses, against Defendant's sexual advances.

39. Defendants acted with intent and/or with reckless disregard of the probability that MS. MORA would suffer severe emotional distress based upon the Defendant's extreme, outrageous, and continuous sexual harassment and degrading, humiliating, and intimidating acts and comments against MS. MORA.

39. As a direct and proximate result of the aforementioned sexual harassment, including but not

limited to, the Defendants unrelenting sexually suggestive and intimidating comments and acts, MS. MORA sustained damages including but not limited to severe emotional distress, anxiety, mental anguish, loss of self-esteem, nervousness, restlessness, worry, shame, humiliation, and depression, in amounts to be determined at trial.

40.    Defendant's acts were intentional, wanton, willful, malicious, oppressive, and done with disregard for the probability that their actions would cause extreme emotional distress to MS. MORA and, therefore, Plaintiff is entitled to punitive damages in an amount to be proven at trial.

WHEREFORE, MS. MORA requests relief as hereinafter provided.

### FIFTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### Plaintiff/Intervenor Deisy Mora against All Defendants

37.    Plaintiff/Intervenor MS. MORA re-alleges and incorporates by reference each preceding paragraph of the complaint as if fully alleged in this paragraph.

38.    Defendant, LAHOURI ARIBI, negligently, and in violation of state and federal law, failed to take all reasonable steps necessary to prevent sexual harassment from occurring, including, among other things, failing to implement an effective policy against sexual harassment, failing to undertake an effective investigation of the complaints, and lacking an effective means of remedying such harassment.

39.    Defendant LAHOURI ARIBI knew or should have known of all named Defendants' failure to take all reasonable steps to prevent sexual harassment from occurring.

40.    Defendant LAHOURI ARIBI knew or should have known of all named Defendant's pervasive use of sexually suggestive comments and acts, as well as, degrading and humiliating, comments and acts, against MS. MORA.

41.    Defendant LAHOURI ARIBI engaged in sexually suggestive, as well as, degrading and

humiliating, comments and acts against MS. MORA.

41. Because Defendant LAHOURI ARIBI both personally engaged in sexually suggestive comments and acts, as well as other humiliating and degrading comments and acts, and knew or should have known of the above mentioned comments and acts perpetrated by KARIM HADIB, LAHOURI ARIBI authorized and ratified said acts.

42. The wrongful acts, complained of, and alleged herein, of KARIM HADID were committed within the transactions, and while he was engaged in the service, of the agency of Defendant WIRELESSCOMM.

43. It was foreseeable to LAHOURI ARIBI that said sexually suggestive comments and acts, as well as other humiliating and degrading comments and acts would cause serious emotional distress to MS. MORA.

44. As a direct and proximate result of the aforementioned sexual harassment, including but not limited to, the Defendants unrelenting, and unwelcome, sexually suggestive and intimidating comments and acts, as well as, the humiliating and degrading comments and acts, MS. MORA sustained damages including but not limited to serious emotional distress, anxiety, mental anguish, loss of self-esteem, nervousness, restlessness, worry, shame, humiliation, and depression, in amounts to be determined at trial.

WHEREFORE, MS. MORA requests relief as hereinafter provided.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff/Intervenor MS. MORA requests a judgment against Defendants as follows:

a) For compensatory damages according to proof, including but not limited to lost wages and benefits; and damages for emotional distress, anxiety and mental anguish;

b) For statutory damages;

c) For punitive damages;

d) For injunctive relief enjoining Defendants from engaging in discriminating its female employees, including harassment based upon sex;

e) For injunctive relief ordering Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for Plaintiff/Intervener and similarly situated employees, and which eradicate the effects of its past and present unlawful employment practices;

f) For declaratory relief;

g) For attorney's fees and costs of suit;

h) For such relief other relief as the Court deems proper.

DATED: Dec. 1          `, 2011              LAW OFFICE OF JONATHAN C. GETTLEMAN

_____/s_____
Jonathan C. Gettleman, Esq.
Attorney for Plaintiffs,
DEISY MORA

VERIFICATION OF COMPLAINT

I declare that I am a plaintiff in the above-entitled action:

     I have read the foregoing Complaint on behalf of Plaintiff/ Intervenor Deisy Mora, and know the contents thereof; the same is true of my own knowledge, except as to those matters that are therein stated upon my information and belief, and to those matters, I believe them to be true.

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Verification was executed on November 30, 2011 at Santa Cruz, California.

_____/s_____
Deisy Mora