1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WIRELESSCOMM INC.,<br><br>Defendant. | Case No.: 5:11-CV-04796 EJD<br><br>**ORDER GRANTING MOTION TO INTERVENE**<br><br>**(Re: Docket No. 11)** |

Pending before the court is Deisy Mora's ("Mora") motion to intervene. Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") does not oppose this motion. Defendant WirelessComm Inc. ("WirelessComm") does not oppose Mora's right to intervene. WirelessComm, however, opposes Mora's motion on the grounds that the Proposed Complaint in Intervention expands the scope of the EEOC action to include two new defendants and four new causes of action. For the reasons discussed below, the motion is GRANTED.

## I.    BACKGROUND

On or about March 18, 2008, Mora filed charges with the California Department of Fair Employment and Housing ("DFEH") alleging sexual discrimination and harassment. See Proposed Compl. in Intervention ¶ 13, Docket No. 11-3. On March 19, 2008, the DFEH issued Mora a right-to-sue notice, closed its case, and deferred its investigation to the EEOC. See id. On March 25, 2008, these same charges were filed with the EEOC. See id. On February 23, 2010, the EEOC

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  issued a letter finding reasonable cause that Mora was subjected to a hostile work environment and

2  discriminated based on her sex, and that WirelessCom was aware of the harassment and failed to

3  correct or prevent the harassment. <u>See id</u>. ¶ 14. On September 28, 2011, the EEOC concluded its

4  investigation and filed the instant action alleging unlawful employment practices by

5  WirelessComm in violation of 42 U.S.C. §§ 2000e–2(a)(1) ("Title VII"). <u>See id</u>. ¶ 15.

6      On December 2, 2011, Mora filed this Motion to Intervene as Plaintiff in the EEOC's

7  action to assert Title VII claims as well as state law claims for (1) sexual harassment, Cal. Gov.

8  Code § 12940(k); (2) failure to prevent sexual harassment, Cal. Gov. Code § 12940(k); (3)

9  intentional infliction of emotional distress; and (4) negligent infliction of emotional distress. <u>See id</u>.

10 Mora also seeks to add two individual defendants, Lahouari Aribi ("Aribi") and Karim Hadid

11 ("Hadid"). <u>See id</u>.

12               **II.     LEGAL STANDARDS**

13     Mora move to intervene in the federal claims pursuant to Fed. R. Civ. P. 24(a), which

14 allows intervention upon timely application "when a statute of the United States confers an

15 unconditional right to intervene." 42 U.S.C. § 2000e-5(f)(1) states in relevant part that "the person

16 or persons aggrieved shall have the right to intervene in a civil action brought by the [EEOC] . . . ."

17 42 U.S.C. § 2000e-5(f)(1).

18     The motion to intervene to assert state law claims, on the other hand, is governed by Fed. R.

19 Civ. P. 24(b), permitting intervention when "an applicant's claim or defense and the main action

20 have a question of law or fact in common."

21               **III.     DISCUSSION**

22 **A. Intervention in the Title VII Claim**

23     Title VII of the Civil Rights Act gives the applicants an unconditional right to intervene in a

24 federal law suit brought against defendant by the EEOC. 42 U.S.C. § 2000e–5(f)(1) ("The person

25 or person aggrieved shall have the right to intervene in a civil action brought by the Commission . .

26 . ."); <u>see also</u> <u>E.E.O.C. v. Occidental Life Ins. Co. of Cal</u>., 535 F.2d 533, 542 (9th Cir.1976).

27 Fed.R.Civ.P. 24(a) allows intervention upon timely application "when a statute of the United States

28 confers an unconditional right to intervene." The Motion to Intervene was filed roughly two

Case No.: 5:11-CV-04796 EJD
ORDER GRANTING MOTION TO INTERVENE

United States District Court
For the Northern District of California

1   months after the EEOC filed its suit, before discovery in the case commenced. The motion is not

2   untimely. Accordingly, Mora's Motion to Intervene in the federal law claims is GRANTED.

3          Upon concluding that Mora is a proper party to this suit, the court must consider whether

4   she should be allowed to file her Proposed Complaint in Intervention to add new state causes of

5   action and new Defendants.

6   **B. Mora's State Law Claims and New Defendants**

7          Here, Mora's state-law employment discrimination and emotional distress claims have a

8   question of fact in common with the EEOC's federal claims against WirelessComm because all the

9   claims arise out of sexual harassment experienced at WirelessComm. WirelessComm argues that

10  the state law claims include additional elements not required in a Title VII claim but does not

11  dispute that the same events that give rise to the tort claims also give rise to the Title VII claims.

12  Thus, Mora's intervention to assert these state law claims meets the Rule 24(b) standard for

13  permissive intervention. The court therefore concludes that Mora may assert her state law claims.

14         Additionally, Mora seeks to assert claims against Hadid, the owner of WirelessComm, and

15  Aribi, Mora's supervisor at WirelessComm. See Complaint in Intervention ¶ 2. Fed. R. Civ. P. 20

16  permits joinder of a defendant when the right to relief arises out of the same transaction or

17  occurrence, or series of transactions or occurrences, and if any question of law or fact common to

18  all defendants will arise in the action. Fed. R. Civ. P. 20(a). The Complaint filed by the EEOC

19  includes allegations about the behavior of WirelessComm's Store Manager, including

20  inappropriate comments and text messages, and Owner, including requesting pictures of Mora and

21  other female employees and inviting Mora to vacation with him. See Compl. ¶ 8. Mora's Proposed

22  Complaint in Intervention names these individuals and adds a small amount of additional detail

23  regarding their conduct. WirelessComm argues that Aribi should not be joined because he is not

24  alleged to have witnessed or performed most of the acts identified in the Complaint.

25  WirelessComm, however, does not argue that the allegations regarding Aribi's conduct fail to state

26  a claim against him. Additionally, WirelessComm does not dispute that the allegations regarding

27  Aribi and Hadid's actions in the Complaint in Intervention arise out of the same behavior alleged in

28  the EEOC's Complaint. Based on Mora's Complaint in Intervention, the same questions of whether

1    Aribi and Hadid actually acted in the manner alleged by Mora will be at issue under both the Title

2    VII and state law claims. The court therefore concludes that Mora may join Aribi and Hadid as

3    Defendants.

4    **C. Statute of Limitations**

5           Finally, WirelessComm argues that the statute of limitations has run on each of the

6    emotional distress claims, the claims would be subject to an immediate motion to dismiss, and the

7    court therefore should decline to exercise its supplemental jurisdiction over these claims because

8    they are futile. In California, intentional and negligent infliction of emotional distress claims have a

9    two-year statute of limitations. Cal. Code Civ. Proc. § 335.1; Miller v. Bank of America, Nat.

10   Ass'n, No. 3:11–cv–02588–MMA (BGS), 2012 WL 871321, at *8 (S.D. Cal. Mar. 14, 2012).

11   Mora's allegations regarding her emotional distress claims are based on conduct occurring before

12   her constructive termination in October 2007. See Proposed Compl. in Intervention ¶ 17. Mora's

13   emotional distress claims therefore are time barred unless the statute of limitations was tolled.

14          "As with the limitations period itself, we borrow our rules for equitable tolling of the period

15   from the forum state, California." Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir.

16   1993). Under California law, a plaintiff is entitled to equitable tolling as he pursues a remedy in

17   another forum, when his actions establish (1) timely notice to the defendants in filing the first

18   claim; (2) lack of prejudice to the defendants in gathering evidence for the second claim; and (3)

19   good faith and reasonable conduct in filing the second claim. Id. at 1275. California's equitable

20   tolling test is a fact-intensive one, which calls for a practical inquiry that ordinarily requires the

21   court to consider matters outside the pleadings. Id. at 1276. For that reason, California's equitable

22   tolling test "is more appropriately applied at the summary judgment or trial stage of litigation." Id.

23          Although dismissal has been upheld in some cases where it is evident from the face of the

24   complaint that plaintiff could not prevail on the equitable tolling issue, ordinarily equitable tolling

25   is not properly resolved at the pleading stage. Id. at 1276; Compare Arnold v. United States, 816

26   F.2d 1306, 1312–13 (9th Cir. 1987) (upholding dismissal and finding that statute of limitations was

27   not tolled by employee's filing of her Title VII claim because the wrong underlying the Title VII

28   claim was distinct from that underlying the state-law tort claims, including intentional infliction of

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  emotional distress) with Cervantes, 5 F.3d at 1276 (reversing district court's dismissal of the action

2  as time-barred, noting that the district court had not employed the three-part test, and finding that

3  the wrong underlying plaintiff's state-law claims and his federal § 1983 claim were not distinct

4  because both involve his unlawful termination); see also Mathieu v. Norrell Corp., 115 Cal. App.

5  4th 1174, 1189 (2004) (upholding summary adjudication and finding the statute of limitations for

6  plaintiff's wrongful termination claim was not tolled while she pursued her FEHA claim because

7  she is not disadvantaged by having to file the wrongful termination claim before receiving a right-

8  to-sue letter from the DFEH); Kang v. U. Lim America, Inc., 296 F.3d 810, 819-20 (9th Cir. 2002)

9  (reversing summary judgment and finding that a genuine issue of fact existed as to whether

10  plaintiff's pursuit of his Title VII claim tolled the statute of limitations on his state-law claim for

11  wrongful termination).

12        Here, WirelessComm fails to mention the three-factor fact-intensive standard for equitable

13  tolling. Instead, WirelessComm merely asserts that the statutes of limitations on these causes of

14  action are not subject to equitable tolling without further argument. WirelessComm has failed to

15  demonstrate that the Complaint in Intervention does not adequately allege facts showing the

16  *potential* applicability of the equitable tolling doctrine. See Cervantes, 5 F.3d at 1277. Thus,

17  WirelessComm has failed to show that allowing Mora to intervene to assert her emotional distress

18  claims would be futile and that a compelling reason exists for the court to decline supplemental

19  jurisdiction over those claims.

20                              IV.    CONCLUSION

21        Mora's Motion to Intervene is GRANTED. Mora shall file her Complaint in Intervention no

22  later than May 30, 2012. The parties shall appear for a case management conference on June 15,

23  2012. The parties shall file a case management statement no later than June 5, 2012.

24  Dated: May 15, 2012

25

26                                          EDWARD J. DAVILA
                                            United States District Judge
27

28

Case No.: 5:11-CV-04796 EJD
ORDER GRANTING MOTION TO INTERVENE