1   (*Counsel are listed on the following page*)

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT FOR

9                  THE NORTHERN DISTRICT OF CALIFORNIA

10  U.S. EQUAL EMPLOYMENT              )    Case No.: 5:11-cv-04796-EJD
    OPPORTUNITY COMMISSION,            )
11                                     )
                                       )
12            Plaintiff,               )    **CONSENT DECREE**
                                       )
13  And                                )
                                       )
14  DEISY MORA,                        )
                                       )
15                                     )
            Plaintiff-Intervenor,      )
16                                     )
                                       )
17       vs.                           )
                                       )
18  WIRELESSCOMM, INC. a California    )
    Corporation,, LAHOUARI ARIBI, an  )
19  individual and KARIM HADID, an individual )
                                       )
20            Defendants.              )
                                       )
21                                     )
                                       )
22  _____   )

23

24

25

26

27

28

WILLIAM R. TAMAYO, SBN 084965 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105
Telephone No. (415) 625-5651
Fax No. (415) 625-5657
Marcia.Mitchell@eeoc.gov

Attorneys for Plaintiff


JONATHAN C. GETTLEMAN, SBN 243560
LAW OFFICE OF JONATHAN C. GETTLEMAN
323 River Street, Suite D
Santa Cruz, California 95060
TELEPHONE: 831-427-2658
FACSIMILE: 831-515-5228
Jonathangettleman@yahoo.com

ERIC NELSON, SBN 282020
1527 Escalona drive
Santa Cruz, California 95060
TELEPHONE: 831-588-4818
enelsonlaw@gmail.com

Attorneys for Plaintiff-Intervenor


KASSRA P. NASSIRI (SBN 215405)
NASSIRI & JUNG LLP
47 Kearny Street, Suite 700
San Francisco, California 94108
Telephone Number: (415) 762-3100
Facsimile Number: (415) 534-3200
Attorneys for Defendants WirelessComm & Aribi

MICHAEL DILLINGHAM
Dillingham Law Group
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone Number (415) 578-2520
Facsimile Number: (415) 358-5819
mike@dillinghamlawgroup.com
Attorney for Defendants WirelessComm& Aribi

## I.    INTRODUCTION

A.    Plaintiff U.S. Equal employment Opportunity Commission ("Commission" or "EEOC") brought this lawsuit under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of sexual harassment and constructive discharge and to make Deisy Mora, a former employee of WirelessComm, Inc. ("WIRELESSCOMM" or "the Company").  EEOC alleged that WIRELESSCOMM unlawfully subjected Ms. Mora to a sexually hostile work environment which resulted in her constructive discharge from the company.

B.    On May15, 2012, the Court issued an order granting Deisy Mora's motion to intervene in the EEOC's lawsuit.  Ms. Mora's Complaint-In-Intervention alleged independent claims under federal and state laws against WIRELESSCOMM and individual defendants, Lahouari Aribi and Karim Hadid.

C.    The Defendants denied the allegations in the EEOC's Complaint and the Complaint-in-Intervention, and denies that it or its employees have violated the law in any way.

D.    In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the EEOC, Plaintiff-Intervenor and WIRELESSCOMM ("the Parties") have agreed that this action should be resolved by entry of this Consent Decree. This Consent Decree shall not constitute an adjudication and/or finding on the merits of the case.

E.    The Parties agree that this Consent Decree resolves all claims arising out of EEOC Charge Number 556-2008-00372 and the EEOC's investigation of said charge.  The Parties further agree that this Consent Decree constitutes a complete resolution of all claims of sexual harassment and constructive discharge under Title VII and the California Fair Employment and Housing Act (FEHA) that were, or could have been raised in the Complaint and the Complaint-In-Intervention stemming from the underlying charge of discrimination.

F.    Plaintiff, Plaintiff- Intervenor and WIRELESSCOMM agree that this Consent Decree constitutes a complete resolution of all state law claims arising out of the Plaintiff-Intervenor's employment with WIRELESSCOMM that were raised, or could have been raised,

in the Complaint-In-Intervention.  Plaintiff-Intervenor will dismiss her claims against defendant, Karim Hadid with prejudice.

G.     This Consent Decree comprises the full and exclusive agreement of the Parties with respect to the matters discussed herein.  No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and approved by all the Parties to this Decree, except that any substantive change, modification or amendment of any provision of this Consent Decree shall require approval by the Court.

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, IT IS ORDERED, ADJUDGED AND DECREED that:

1.     This Court has jurisdiction over the subject matter and the Parties to this action. This Court will retain jurisdiction over this Decree for all purposes until the expiration of WIRELESSCOMM's obligations as set forth herein.

2.     The entry of this Consent Decree will further the objectives of Title VII and will be in the best interest of the Parties and the public.

3.     This Consent Decree is final and binding upon the Parties, their successors and assigns.

## II.   SCOPE OF THE CONSENT DECREE

The duration of the Consent Decree shall be three (3) years from the date of entry of the Decree, provided that WIRELESSCOMM has complied substantially with the terms of this Consent Decree.  WIRELESSCOMM will be deemed to have complied substantially if the Court has not made any finding or orders during the term of the Consent Decree that the Company has failed to comply with any terms of this Consent Decree.  During the three-year term of this Consent Decree, this Court shall retain jurisdiction over this matter and the Parties for the purpose of enforcing compliance with the Consent Decree, including issuing such orders as may be required to effectuate its purposes.

## III.   GENERAL INJUNCTIVE PROVISIONS

### A.   Discriminatory Harassment:

WIRELESSCOMM and its owners, officers, managers (including supervisory employees), successors and assigns, are enjoined from: (1) discriminating against persons on the basis of sex in the terms and conditions of employment; (2) engaging in or being a party to any action, policy or practice that is intended to or is known to them to have the effect of harassing or intimidating any employee on the basis of sex; or (3) creating, facilitating or, permitting the existence of a sexually hostile work environment at a WIRELESSCOMM location about which it knew or should have known.

### B.   Retaliation:

WIRELESSCOMM and its owners, officers, managers (including supervisory employees), successors and assigns are enjoined from participating in, engaging in, or implementing or permitting any action, policy or practice about which it knew or should have known, the purpose of which is to retaliate against any current or former employee of the Company because he or she has in the past, or during the term of this Consent Decree: (1) opposed any practice of harassment or other discriminatory acts on the basis of sex made unlawful under Title VII or the FEHA; (2) filed a Charge of Discrimination alleging any such practice; (3) testified or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by the Company), proceeding or hearing in connection with this case; (4) testified or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by the Company), proceeding or hearing in connection with any allegations of unlawful harassment or discrimination which arise during the term of this Consent Decree; (5) was identified as a possible witness in this action; and/or (6) asserted any rights under this Consent Decree.

## IV.   MONETARY RELIEF

A.   In settlement of the EEOC's and Plaintiff-Intervenor's claims of employment discrimination alleged in the Complaint and Complaint-in-Intervention, WIRELESSCOMM

shall pay monetary relief to Deisy Mora in the gross amount of $97,000.00 (Settlement Sum). The Settlement Sum represents compensation for emotional distress, pain and suffering.

B.     Defendant WIRELESSCOMM's owner, Lahouari Aribi, has personally guaranteed payment of the Settlement Sum to Deisy Mora in the event that Defendant fails to make timely payments as outlined in paragraph IV.C, below. The personal guaranty is attached as Exhibit A.

C.     The Settlement Sum shall be paid as follows:

(1)     No later than November 15, 2012, Defendant WIRELESSCOMM shall pay Deisy Mora the first installment of $25,000.00 (twenty five thousand dollars and no cents). The initial check shall be made payable to the "Law Office of Jonathan Che Gettleman Trust Account" and shall be mailed to Jonathan Che Gettleman, Esq. at 223 River Street, Suite D Santa Cruz, CA 95060.

(2)     Beginning on December 15, 2012 and continuing on the fifteenth (15th) day of every month for a period of twenty-four months WIRELESSCOMM shall issue a check made payable to "Law Office of Jonathan Che Gettleman Trust Account" in the amount of $3000.00 until the remaining $72,000.00 balance of the Settlement Sum has been paid in full. The first installment check and every check thereafter shall be mailed to Jonathan Che Gettleman, Esq. at 223 River Street, Suite D Santa Cruz, CA 95060.

(3)     Each amount paid as part of the Settlement Sum shall be designated by WIRELESSCOMM as "other income" on IRS Form 1099.

D.     WIRELESSCOMM shall mail photocopies of each installment check, the IRS forms and related correspondence to the EEOC's counsel of record, Marcia Mitchell, Supervisory Trial Attorney for the EEOC, at 350 The Embarcadero, San Francisco, CA 94105 simultaneously with the mailing of the installment checks to counsel for Plaintiff-Intervenor.

E.     Deisy Mora and her attorneys will not disclose or discuss the terms of the conditions of the settlement without express prior written approval from Defendants, with the exception of disclosure to retained attorneys, spouses, accountants, and other persons as may be required by law.

## V.   SPECIFIC INJUNCTIVE RELIEF

A.      WIRELESSCOMM affirms the following "Statement of Zero-Tolerance Policy and Equality Objectives":

> WIRELESSCOMM is firmly committed to maintaining a zero-tolerance policy concerning discriminatory harassment and retaliation against individuals who report harassment in the company's workplace; to swiftly and firmly responding to any acts of harassment and retaliation of which the company becomes aware; to implementing a disciplinary system that is designed to strongly deter future acts of harassment or retaliation; and to actively monitoring its workplace in order to ensure tolerance, respect and dignity for all people.

The preceding paragraph does not create any individual contractual or common law causes of action or other rights that would not otherwise exist under statute.

B.      **Independent EEO Consultant:** No later than December 15, 2012, WIRELESSCOMM shall contract at its own expense with an Independent EEO consultant to serve as WIRELESSCOMM's agent for the purpose of developing appropriate EEO policies, and for training its owner, supervisors and employees regarding the issue of discriminatory harassment in the workplace and EEO requirements generally.  WIRELESSCOMM shall also contract an independent Human Resources consultant for the purpose of enforcing its Equal Employment Opportunity (EEO) policies, administering its complaint procedures, investigating complaints of discrimination, monitoring compliance with anti-discrimination laws, monitoring compliance with the Consent Decree and filing biannual reports with the EEOC.  The Independent EEO consultant must have demonstrated experience in anti-discrimination laws, particularly Title VII and discriminatory harassment, and must have experience investigating allegations of harassment.

(1)      WIRELESSCOMM shall submit to the EEOC for its review and consideration the name and curriculum vitae of the proposed Independent EEO consultant and Human Resources consultant at least thirty (30) days before the deadline outlined in the preceding paragraph. The EEOC will notify WIRELESSCOMM within fourteen (14) days of receipt of the proposed consultant's name and curriculum vitae if it has any concerns about the

proposed Independent EEO Consultant.  The EEOC will review the proposed Independent EEO

consultant's and Human Resources consultant's qualifications in good faith and will not reject a

candidate without good cause.

(2)     The Independent Human Resources Consultant will retain records of all

complaints it receives during the pendency of this Consent Decree, its investigation of the

complaints and the remedial action taken. The HR Consultant will submit a report regarding any

complaints received as outlined in paragraph VIII, below.

C.     **EEO and Harassment Policies:** No later than December 15, 2012,

WIRELESSCOMM's Equal Employment Opportunity (EEO) and harassment policies shall be

revised such that the policies: (i) include definitions of harassment based on sex and national

origin; (ii) include examples to supplement the definitions; (iii) provide for substantial and

progressive discipline and/or corrective action for incidents of discriminatory harassment; (iv)

include strong non-retaliation language with examples to supplement the definition of retaliation,

(v) provide for substantial and progressive discipline for incidents of retaliation; (vi) provide that

complaints of harassment and/or retaliation will be accepted irrespective of whether they are

made verbally or in writing; (vii) provide a timetable for commencing an investigation and for

taking remedial action; and (viii) indicate that WirelessComm will promptly communicate to the

complaining party the results of the investigation and the remedial actions taken or proposed, if

any.

(1)     The revised EEO policies shall be submitted to the EEOC for its review

and comments at least thirty (30) days before the anticipated date of implementation.  The EEOC

will notify WIRELESSCOMM within fourteen (14) days of receipt of the revised policies if it

has any concerns about the proposed revisions.

(2)     In the event that WIRELESSCOMM decides to revise its EEO policies

and procedures during the term of the decree, WIRELESSCOMM will submit a copy of the

revised EEO and harassment policies to EEOC to the EEOC for its review at least thirty (30)

days before the anticipated date of implementation.  The EEOC will notify WIRELESSCOMM

within fourteen (14) days of receipt of the revised policies if it has any concerns about the proposed revisions.

D.     **Complaint Procedures:** WIRELESSCOMM shall adopt and maintain a complaint procedure designed to encourage employees to come forward with complaints about violations of its harassment policy.  As part of the policy, WIRELESSCOMM shall provide its employees with convenient, confidential and reliable mechanisms for reporting incidents of harassment and retaliation.  WIRELESSCOMM's complaint procedure and harassment policy shall notify employees that they can lodge a complaint with the Independent Human Resources consultant described in paragraph, V.B, above, and shall provide the name and telephone numbers for the Human Resources Consultant. Contact information for the Independent Human Resources consultant also shall be continuously posted in a prominent place at all of WIRELESSCOMM's business locations.

(1)     WIRELESSCOMM shall effectively disseminate its EEO policies and complaint procedures by: (a) distributing copies of the policies to all current employees within 10 days of their adoption; (b) giving a copy of the policy to and reviewing the policy with all new employees upon the employees' hire; and (c) requiring each employee who receives a copy of the policies and procedures to sign a statement acknowledging their receipt of the policies.

(2)     WIRELESSCOMM will submit a copy of the complaint procedures to the EEOC at the same time it submits its draft revised EEO policies as required by paragraph V.C above.

## VI.  TRAINING

A.     **Training of Employees:** No later than December 15, 2012, WIRELESSCOMM will present mandatory anti-discrimination training to all of its employees.  The training will be developed and presented by an outside source, i.e. someone who is not employed by WIRELESSCOMM, who is knowledgeable about Title VII, the California Fair Employment and Housing Act (FEHA) and discriminatory harassment and who has the background, skill and

ability to educate WIRELESSCOMM s employees about the issue of discriminatory harassment in the workplace.

B.      Employees shall be given a questionnaire through which they can evaluate and provide feedback regarding the training.  WIRELESSCOMM will be required to present at least one additional live training during the duration of the Consent Decree.  WIRELESSCOMM shall retain records reflecting when the training was presented, which employees received training and which employees were absent for the training.  The questionnaires and training records will be submitted to the EEOC for monitoring.

C.      The EEOC will be entitled to review and comment on the curriculum vitae of the proposed trainer(s) as well as the syllabus for the training prior to its presentation. WIRELESSCOMM shall submit the names of the proposed trainer(s), resume(s) or other information setting forth the trainer's qualifications and the proposed syllabus to the EEOC for its review and comments at least thirty (30) days before the anticipated date of the training.  The EEOC will notify WIRELESSCOMM within fourteen (14) days of receipt of the information if it has any concerns about the proposed trainer(s) or training syllabus.  The EEOC will review the trainer's qualifications and the proposed syllabus in good faith.

D.      **Training of Lahouari Aribi**: No later than December 15, 2012, WIRELESSCOMM's owner, Lahaouri Aribi shall attend in-person, one-on-one training on laws that prohibit discrimination in employment.  The training shall be developed and presented by an outside source and shall focus on Aribi's responsibilities and potential liability (including personal liability) as a business owner.  WIRELESSCOMM will be required to submit to the EEOC the name and curriculum vitae of the proposed trainer and the proposed syllabus for the EEOC's review.  The EEOC shall be entitled to reject a proposed trainer upon a showing of good cause.  The trainer shall submit a report to the EEOC informing the EEOC that the training has been completed, outlining the substance of the training and evaluating Aribi's participation in and receptiveness to the training.

E.      **Acknowledgment of Training Attendance:**

All persons attending mandatory anti-harassment training pursuant to this Consent Decree shall sign an acknowledgment of their attendance at the training, the date thereof, and their position with the Company.  WIRELESSCOMM shall retain the originals of these acknowledgments and provide the EEOC with copies for each such training required with each biannual report submitted during the duration of the Consent Decree as set forth below in paragraph VIII.

F.     **Cost of Training:** The cost of the training described in paragraphs VI.A and VI.C, above, shall be borne by WIRELESSCOMM.

**VII. RECORDKEEPING POLICIES AND PROCEDURES**

No later than December 15, 2012, WIRELESSCOMM shall adopt a policy instructing its employees how to preserve and maintain all personnel and employment records in accordance with the Title VII as set forth in 29 CFR § 1602. The revised recordkeeping policy shall be submitted to the EEOC for its review and comments at least thirty (30) days before the anticipated date of implementation.  The EEOC will notify WIRELESSCOMM within fourteen (14) days of receipt of the revised policies if it has any concerns about the proposed recordkeeping policy.  The EEOC will review the recordkeeping policy in good faith

**VIII.    REPORTS TO THE COMMISSION**

A.     WIRELESSCOMM, through the Independent Human Resources Consultant described in paragraph V.B, above, shall submit biannual reports to the EEOC containing the following information:

(1)     **Sexual Harassment Complaint Reports**: No later than six months after entry of this Decree, and every six months thereafter, the Independent HR Consultant will mail to counsel for the EEOC a report containing the following information and documentation covering the preceding six-month period: (a) a summary of each complaint, including the substance of the complaint, the date the complaint was submitted, the result of the investigation into such complaints and the date the investigation was completed; (b) additionally,

WIRELESSCOMM will identify the name, address, and telephone number of the complainant and identify the person who received the complaint;

        (2)      A copy of all records, documents and other writings relevant to such complaints and investigations shall be maintained by WIRELESSCOMM during the period of the Consent Decree and will be made available to the Commission within ten (10) days following a written request from the Commission to WIRELESSCOMM's counsel of record;

        (3)      **Training Report:** WIRELESSCOMM will send the EEOC verification of its completion of harassment training for its employees and Lahaouri Aribi in the form of a sworn declaration of completion from an agent of the corporation.  WIRELESSCOMM shall submit copies of the acknowledgments of training signed by attendees, as set forth in paragraphs VI.A, and VI.C, above, during the preceding six month period.

## IX.  POSTING OF NOTICE:

The Notice attached as Exhibit B shall be, and remain, posted in a clearly visible location frequented by employees at each of WIRELESSCOMM's locations during the term of this Consent Decree.

## X.  RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE

A.      This Consent Decree shall terminate three (3) years from the date of entry by the Court, unless this Court grants a request by the Commission or Plaintiff-Intervenor for an extension of the Decree due to WIRELESSCOMM's noncompliance with the decree.  If the Commission or Plaintiff-Intervenor that WIRELESSCOMM has not complied with the Consent Decree, the Commission or Plaintiff-Intervenor will serve written notification of the alleged breach to WIRELESSCOMM and its attorney of record or, if no such attorney exists, to its registered agent for service of process.  Commission and Plaintiff-Intervenor will not petition the Court for enforcement sooner than fifteen (15) days after providing written notification to WIRELESSCOMM's attorneys of record. If the alleged breach is susceptible to cure, WIRELESSCOMM will have 15 days after service of such written notification to serve written notice to the Commission that it will cure the alleged breach, and 15 days after serving such

notice to cure the alleged breach.  If the alleged breach is not susceptible to cure, the fifteen-day period following written notice by the Commission or Plaintiff-Intervenor shall be used by the parties to engage in good faith efforts to resolve the issue without Court intervention.  If the Commission or Plaintiff-Intervenor petitions the Court and the Court finds WIRELESSCOMM to be in substantial violation of terms of the Decree, the Court may grant a request by the Commission or Plaintiff-Intervenor to extend the period of this Consent Decree by a reasonable period and may order such other relief as it deems necessary or equitable, after appropriate briefing and factual hearing, if a factual hearing is deemed necessary by the court..

      B.      Unless the duration of this Decree is extended as provided in the preceding paragraph, three (3) years after the entry of this Consent Decree, this lawsuit will be dismissed with prejudice.  WIRELESSCOMM will be deemed to have complied substantially if the Court has not made any findings or orders during the term of the Decree that the WIRELESSCOMM has failed to comply with any of the terms of this Decree.

   The Clerk shall close this file.
IT IS SO ORDERED:   11/30/2012

Hon. Edward J. Davila
United Stated District Court Judge

Respectfully submitted,

Dated:  November 29, 2012         //s//  Willam R. Tamayo
                                   WILLIAM R. TAMAYO
                                   Regional Attorney
                                   MARCIA L. MITCHELL
                                   Attorneys for Plaintiff

Dated:  November 29, 2012         //s//    Jonathan Che Gettleman
                                   ERIC NELSON
                                   JONATHAN GETTLEMAN
                                   Attorneys for Plaintiff-Intervenor

Dated:  November 29, 2012         //s//  Michael Dillingham i
                                   MICHAEL DILLINGHAM
                                   Attorney for WirelessComm, Inc.

<u>E-filing concurrence</u>:  I, Marcia L. Mitchell, attorney for Plaintiff EEOC, attest that I have obtained the concurrence of attorneys for WirelessComm, Inc., and Plaintiff-Intervenor for the filing of this pleading.

Dated:      November 29, 2012

  /S/ Marcia L. Mitchell
MARCIA L. MITCHELL
Supervisory Trial Attorney

## CONTINUING GUARANTY

This Continuing Guaranty ("Guaranty"), is entered into and is effective this ___ day of November, 2012, by Lahouari Aribi, an individual ("Guarantor"), in favor of WirelessComm, Inc. ("Defendant"), with respect to the following facts.

## RECITALS

WHEREAS, on September 28, 2011 Plaintiff, Equal Employment Opportunity Commission ("EEOC") filed this Action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and pursuant to an order dated May 15, 2012, Plaintiff-Intervenor, filed a separate action this action alleging claims under Title VII and the California Fair Employment and Housing Act (FEHA).  Plaintiffs alleged that Defendant, WirelessComm, Inc. (Defendant), violated the Title VII and FEHA by subjecting Deisy Mora to a sexually hostile work environment which resulted in her constructive discharge.

WHEREAS, WirelessComm, Inc. and Lahouari Aribi deny any wrongdoing, and specifically deny the illegality of any act or omission attributable to them under any theory.

WHEREAS, the EEOC, Ms. Mora, Guarantor and Defendant want to conclude fully and finally all claims arising out of the above action without the expenditure of further resources and expenses in contested litigation.  The parties entered into a Consent Decree to further the objectives of equal employment opportunity as set forth in Title VII and FEHA.

WHEREAS, Ms. Mora is willing to extend payment terms, but only upon the condition, among others, that Guarantor shall have executed and delivered this Guaranty;

NOW THEREFORE, in consideration of the mutual covenants and agreements set forth in this Guaranty, and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, Guarantor and Ms. Mora agree as follows:

## AGREEMENT

1.  <u>Unconditional Guaranty</u>. Guarantor does hereby unconditionally guaranty and promise to pay Ms. Mora, her successors and assigns, payment and performance of the Consent Decree and all amounts due thereunder, including in all cases all such amounts which would become due but for the operation of the provisions of Title 11 of the United States Code or any other similar statutes (collectively, the "Obligations").

2.  <u>Expenses</u>.  Guarantor shall reimburse Ms. Mora for all expenses incurred by her in the successful enforcement of any of her rights hereunder against Defendant or Guarantor, including costs and attorneys' fees, as determined and awarded by the Court.

3.  <u>Guaranty of Payment</u>.  This Guaranty constitutes a continuing guaranty of payment when due and not of collection, and Guarantor specifically agrees that it shall not be necessary or required that Ms. Mora or any of her respective successors or assignees enforce any remedy whatsoever against Defendant or any other person before or as a condition to the obligations of Guarantor under this Guaranty.

EXHIBIT A

4.      <u>Payment Events</u>.   The Obligations shall become immediately due and payable by Guarantor if Defendant or Guarantor:

(a)      Defaults in any of its obligations to Ms. Mora;

(b)      Commences an action for liquidation or dissolution or is liquidated or dissolved;

(c)      Makes an assignment for the benefit of its creditors;

(d)      Offers or makes any composition with its creditors;

(e)      Sells or transfers all or substantially all of its assets except in the regular course of business;

(f)      Files or has filed against it a petition under the provisions of any state insolvency law or under any Chapter of the U.S. Bankruptcy Code, as amended from time to time, or any other bankruptcy or insolvency statute;

(g)      Has a receiver appointed for its business or any part of its property;

(h)      Suspends normal business operations; or

(i)      Dies or becomes disabled.

5.      <u>Amendments, etc. with respect to Obligations; Changes Do Not Affect Liability; Waiver of Rights</u>.   The obligations of Guarantor under this Guaranty shall remain in effect and shall not be diminished or impaired, notwithstanding:

(a)      any withdrawal of any demand (including the commencement and continuance of any legal proceedings) by Ms. Mora for payment or performance by Defendant of any Obligations <u>following a breach of the requirements for payments under the Consent Decree</u>;

(b)      any change in the time, manner or place of payment of, or in any other term of, all or any of the Obligations or any amendment, extension, modification or waiver of any Obligations or of any agreement or document relating thereto;

(c)      any compromise by Ms. Mora of any Obligations and any other guaranty in respect of the Obligations;

(d)      any invalidity or unenforceability of the Consent Decree;

(e)      the change, restructure or termination of the corporate structure or existence of Defendant and any corresponding restructure of the Obligations, or any other restructure or refinancing of the Obligations or any portion thereof;

(f)      the existence of any claim, set-off, defense or other right that Defendant or any other guarantor may have at any time against Ms. Mora, or that Guarantor may have against Defendant, whether in connection with the Consent Decree, any other agreement or document or any unrelated transaction;

EXHIBIT A

(g)     any release of, or foreclosure or realization on, collateral, if any, that is security for the Obligations;

(h)     any discharge or release of Defendant or any other party liable for the Obligations, or any release or substitution of any one or more other guarantors; or

(i)     any other circumstance which might otherwise constitute a defense available to, or a discharge of, Defendant, other than with  Ms. Mora's agreement or consent, or indefeasible payment in full of the Obligations.

Without limiting the generality of the foregoing, Guarantor's liability under this Guaranty shall continue if Ms. Mora's or Guarantor's remedies or rights against Defendant are impaired or suspended without their consent.

6.     STATUTORY WAIVERS.

(a)     GUARANTOR WAIVES ALL RIGHTS AND DEFENSES ARISING OUT OF AN ELECTION OF REMEDIES BY MS. MORA, EVEN THOUGH THAT ELECTION OF REMEDIES, SUCH AS A NONJUDICIAL FORECLOSURE WITH RESPECT TO SECURITY FOR A GUARANTEED OBLIGATION, HAS DESTROYED GUARANTOR'S RIGHTS OF SUBROGATION AND REIMBURSEMENT AGAINST DEFENDANT BY THE OPERATION OF SECTION 580d OF THE CALIFORNIA CODE OF CIVIL PROCEDURE OR OTHERWISE, OR ANY OTHER SIMILAR LAW.

(b)     Guarantor waives all rights under Section 2815 of the California Civil Code, or under any other similar law, to revoke this Guaranty in respect of future transactions, even if there is no continuing or additional consideration for such transactions.

7.     Guaranty Continuing; Additional Waivers.

(a)     Guarantor waives diligence and all demands, protests, presentments and other notices of any kind with respect to all Obligations, including notices of protest, dishonor, nonpayment, acceptance of this Guaranty, and the creation, renewal, extension, modification or accrual of the Obligations.

(b)     Guarantor waives the right to require Ms. Mora to proceed against or exhaust any security or collateral Ms. Mora may hold, or pursue any other right or remedy for Guarantor's benefit, and agrees that Ms. Mora may proceed against Guarantor for the Obligations without taking any action against Defendant or any other guarantor and without proceeding against or exhausting any security or collateral Ms. Mora holds.

(c)     No failure or delay by Ms. Mora in exercising any power, right or privilege under this Guaranty shall impair any such power, right of privilege or be construed as a waiver by Ms. Mora.

(d)     This Guaranty is a continuing guaranty and shall remain in full force and effect and be binding upon Guarantor and its respective successors and assigns, and

EXHIBIT A

shall inure to the benefit of Ms. Mora and her respective successors, endorsees, transferees and assigns of Ms. Mora, until all the Obligations owing to Ms. Mora and the obligations of Guarantor under this Guaranty shall have been satisfied by performance in full.

(e)     Guarantor agrees that if any of the Obligations are or become unenforceable for any reason other than by operation of Ms. Mora's agreement or consent, then Guarantor's liability under this Guaranty shall continue in full force and effect with respect to all Obligations as if they were and continued to be legally enforceable.

8.     <u>Reinstatement</u>.  This Guaranty shall be reinstated if at any time any payment of any Obligations must be returned by Ms. Mora upon the insolvency, bankruptcy, dissolution, liquidation or reorganization of Defendant or any Guarantor, or otherwise.  Without limiting the generality of the foregoing, if all or any part of the payment or performance of the Obligations is avoided or recovered directly or indirectly from Ms. Mora as a preference, fraudulent transfer or otherwise, this Guaranty shall be reinstated and remain in full force and effect.

9.     <u>Assignments</u>.  Guarantor further agrees that this Guaranty is assignable by Ms. Mora without prior notice to Guarantor, and shall inure to the benefit of Ms. Mora's successors and assigns. This Guaranty is not assignable by Guarantor except with the express written consent of Ms. Mora.  Guarantor further agrees that its obligations hereunder shall be binding upon its respective successors, heirs, assigns and legal representatives. The dissolution or release from liability of any other guarantor shall not relieve Guarantor of any liability hereunder.

10.     <u>Representations and Warranties.</u>  Guarantor represents and warrants that:

(a)     this Guaranty has been duly executed by Guarantor;

(b)     this Guaranty constitutes a legal, valid and binding obligation of Guarantor, enforceable in accordance with its terms, subject to the effects of bankruptcy, solvency, reorganization, moratorium and other similar laws relating to or affecting creditors' rights generally, general equitable principles (whether considered in a proceeding in equity or at law) and an implied covenant of good faith and fair dealing;

(c)     the execution, delivery and performance of this Guaranty will not violate or result in default in any applicable law, rule or regulation or any judgment, order or decree or agreement, instrument or undertaking applicable to Guarantor and will not result in, or require, the imposition or creation of any lien on any of its properties or revenues pursuant to any of the foregoing, in each case in any material respect;

(d)     no consent or authorization of, or filing or registration with, any governmental authority, and no consent of any other person, is required in connection with the execution, delivery, performance, validity or enforceability of this Guaranty, other than as may have been obtained or made and is in full force and effect;

(e)    Guarantor is (x) solvent, (y) able to pay Guarantor's debts as they become due and (z) does not have insufficient or too small capital; and

(f)    Guarantor delivers this Guaranty based solely on its independent investigation of the financial condition of Defendant and assumes full responsibility for obtaining further information.

11.    <u>Subordination</u>.  Guarantor hereby subordinates all claims Guarantor may have against Defendant arising from or relating to this Guaranty or otherwise, to the prior payment of all obligations of Defendant to Ms. Mora.

12.    <u>No Subrogation; Contribution</u>.  Guarantor shall not be entitled to be subrogated to any of the rights of Ms. Mora against Defendant for payment made by Guarantor under this Guaranty, nor shall Guarantor be entitled to seek any contribution from Defendant for payments made by Guarantor under this Guaranty, unless all amounts then due and payable to Ms. Mora have been paid in full.

13.    <u>Entire Agreement</u>.  This Guaranty constitutes the entire agreement between the parties with respect to the subject matter hereof.

14.    <u>Binding Effect</u>.  This Guaranty shall be binding upon and inure to respective benefits of Ms. Mora and Guarantor and respective successors and assigns of Ms. Mora and Guarantor, except that Guarantor shall not have the right to assign its rights hereunder or any interest herein without Ms. Mora's prior written consent.  The death of Guarantor shall not terminate liability and this Guaranty shall be binding upon Guarantor's heirs, devisees and personal representatives.

15.    <u>Severability</u>.  In the event that any one or more of the provisions contained in any of this Guaranty shall be determined to be invalid, illegal, or unenforceable in any respect for any reason, the validity, legality, and enforceability of any such provision or provisions in every other respect, and the remaining provisions of this Guaranty shall not be in any way impaired.

16.    <u>Governing Law</u>.  This Guaranty shall be governed by, and construed in accordance with, the laws of the State of California.

17.    <u>Waiver of Trial By Jury</u>.  Guarantor and Ms. Mora each hereby irrevocably waives all right to trial by jury in any action, proceeding or counterclaim arising out of or relating to this Guaranty or any of the transactions contemplated thereby.

18.    <u>Counterparts</u>.  This Guaranty may be executed in any number of identical counterparts, which shall constitute an original and collectively and separately constitute a single instrument or agreement.

19.    <u>Joint and Several Liability</u>.  To the extent this Guaranty is executed by more than one Guarantor the obligations hereunder shall be joint and several.

IN WITNESS WHEREOF, Guarantor has caused this Guaranty to be executed this _____
day of November, 2012.

LAHOUARI ARIBI _____, an individual

Address: 280 E. 10th G. Gilroy, CA 95020.

Telephone: 415-724-9800.

Email: LARIBI@ATT.Net.

EXHIBIT A

## CONSENT OF SPOUSE

I acknowledge that I reviewed the foregoing Continuing Guaranty of even date herewith (the "Guaranty") executed by my spouse, Lahouari Aribi in favor of WirelessComm, Inc. ("Defendant").

I acknowledge that I have been informed of Guarantor's fiduciary duties to me as my spouse, that I have had an opportunity for full disclosure of all facts relevant to the Guaranty, and have been informed of my right to separate counsel; to represent me, if so requested.

I hereby consent to Guarantor's execution of the Guaranty, agree to be bound by the terms thereof solely to the extent of my interest in any assets or property of Guarantor, and further agree that our community assets, including without limitation, all real and personal property and earnings, shall be bound thereby. I am fully aware of the legal effect, significance and consequences of my consent to Guarantor's execution of the Guaranty, and to my execution of this Consent.

I agree that the terms hereof and of the Guaranty shall be binding upon my successors, assigns (including, without limitation, the trustee of any trust that I create), personal representatives, heirs, and legatees.

This Consent is given solely for Ms. Mora's benefit, and her successors and assigns.

Dated: November 27, 2012          By: _____

                                  Name: SAMER Khithi

EXHIBIT A

# NOTICE
## TO ALL WIRELESSCOMM, INC. EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal Court in *EEOC & Mora v WirelessComm, Inc.,* (Wireless), Civil Action Number 5:11-cv-04796-EJD, resolving a lawsuit filed by the U.S. Equal Employment Opportunity Commission ("EEOC") and Deisy Mora against WirelessComm.  The EEOC is the federal agency responsible for enforcing laws against discrimination in employment.

Title VII of the Civil Rights Act of 1964, as amended, is a federal which prohibits discrimination on the basis of sex, race, religion, national origin and color in all employment practices, including job application procedures, post-offer and other employment-related medical evaluations, hiring, firing, advancement, compensation, training and other terms, conditions and privileges of employment. 42 U.S.C. §2000e.  Title VII prohibits sexual harassment as well as harassment based on race, religion, national origin or color. Title VII further prohibits retaliation against employees or applicants who avail themselves of the rights provided by the Title VII by engaging in protected activities such as filing a charge of discrimination, complaining about harassment and/or testifying or participating in an investigation conducted by the EEOC.

To resolve lawsuit identified above, WirelessComm the EEOC and Deisy Mora have entered into a Consent Decree through which WirelessComm agrees to comply with all aspects of Title VII. WirelessComm also agrees that it will not retaliate against applicants or employees for complaining about discrimination.  WirelessComm has adopted policies and procedures in an effort to prevent discrimination within its workforce.

If you have a complaint of employment discrimination or questions regarding laws prohibiting employment discrimination, you may seek assistance from _____, an independent Equal Employment Opportunity (EEO) consultant retained by WirelessComm by calling _____.  Alternatively, you can contact the EEOC's San Jose Local Office, 96 N. Third St., Suite 250, San Jose, CA  95112 or by calling 1-800-669-4000(TDD 1-800- 669-6820). General information may be obtained on the Internet at www.eeoc.gov .

_____
[Name of posting official]

_____
Date Posted:

**EXHIBIT B**